IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JAMES MALAMATIS,**<br>1655 Trawler Lane<br>Annapolis, MD 21409,<br><br>**Plaintiff,**<br><br>v.<br><br>**ATI PHYSICAL THERAPY, INC.,**<br>90 Remington Blvd<br>Bolingbrook, IL 60440<br><br>**Defendant.** | Case No. 21-cv-2226 |

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant ATI Physical Therapy, Inc.[1] ("Defendant") files this Notice of Removal of the above-captioned matter from the Circuit Court of Maryland for Anne Arundel County to the United States District Court for the District of Maryland. The grounds for removal are as follows:

1.  On July 30, 2021, Plaintiff James Malamatis ("Plaintiff") served Defendant with the Summons and Complaint, a true and correct copy of which is attached hereto. The action was brought in the Circuit Court of Maryland for Anne Arundel County, styled and captioned exactly as above, and assigned Case No. C-02-CV-21-000940. Plaintiff brings the following claims: age discrimination and retaliation pursuant to 29 U.S.C. §§ 621, *et seq.*; age discrimination and retaliation pursuant to MD State Gov't Code §20-602; breach of contract; intentional misrepresentation; negligent misrepresentation; constructive fraud; and fraud in the concealment.

---

[1] Defendant ATI Physical Therapy, Inc. has been improperly named as a defendant in this action. The proper party is ATI Holdings, LLC.

In addition, counsel for Plaintiff provided copies of the Scheduling Order and Order for Mediation that were filed by the State Court. No other pleadings were served on Defendant in the State Court action.

2.  This Court has jurisdiction over the matter because one or more of Plaintiff's claims arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, Counts I & II of Plaintiff's Complaint assert claims for age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. This Court also has supplemental jurisdiction over Plaintiff's remaining claim pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

3.  Plaintiff seeks judgment against Defendant in an amount "that exceeds Seventy-Five Thousand Dollars ($75,000.00)" in connection with her claims. Consequently, Plaintiff's Complaint seeks relief for alleged damages in excess of $75,000.

4.  For diversity purposes, "[a] person is a citizen of a state only if []he is a citizen of the United States and a domiciliary of that state." *Scott v. Cricket Comms., LLC*, 865 F.3d 189, 195 (4th Cir. 2017).

5.  In her Complaint, Plaintiff states that he resides in Annapolis, Maryland. (*See* Compl.). Accordingly, Plaintiff is a citizen of the State of Maryland for diversity purposes.

6.  Defendant ATI Physical Therapy, Inc.[2] is a company organized under the laws of the State of Delaware, with its principal place of business located in the State of Illinois. Accordingly, Defendant is not a citizen of Maryland for diversity purposes.

---

[2] ATI Holdings, LLC, who was not named in this matter, but is the correct defendant, is a company organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois. Accordingly, it is a citizen of Illinois for diversity purposes.

7. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and when the action is between citizens of different states.

8. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after Defendant was served with a copy of the initial pleading.

9. The Circuit Court in which this matter was commenced is within this Court's district. Therefore, the matter is properly removable to this Court. 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1446(a), (b), and (d) and Fed. R. Civ. P. 6(a)(1)(C), Defendant may remove the State Court Case to this Court on or before August 30, 2021.

11. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Anne Arundel County, and a copy is being served on Plaintiff as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is filed herewith.

12. Filed herewith is a copy of the Notice to Plaintiff of Filing of Notice of Removal, the original of which is being served on Plaintiff in accordance with 28 U.S.C. § 1446(a).

13. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, having fulfilled all statutory requirements, Defendant hereby removes this action from the Circuit Court for Anne Arundel County, Maryland, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

| | |
|---|---|
| August 30, 2021 | */s/ S. Libby Henninger* |
| | S. Libby Henninger, Bar No. 17389 |
| | LITTLER MENDELSON, P.C. |
| | 815 Connecticut Avenue, NW, Suite 400 |
| | Washington, DC 20006-4046 |
| | 202.842.3400 Telephone |
| | 202.842.0011 Facsimile |
| | LHenninger@littler.com |
| | |
| | *Counsel for Defendant* |

4.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August 2021, a true and correct copy of Notice of Removal was served via FedEx upon:

>Dan R. Mastromarco
>The Mastromarco Firm, LLP
>703 Giddings Ave, U5
>Annapolis, MD 21401
>
>*Counsel for Plaintiff*

I further certify that, pursuant to 28 U.S.C. § 1446(d), on August 30, 2021, a copy of the foregoing Notice of Removal was served upon the following:

>Scott A. Poyer
>Clerk of the Court for Anne Arundel County
>8 Church Cir.
>Annapolis, MD 21401

>*/s/ S. Libby Henninger*
>S. Libby Henninger